PER CURIAM
This matter arises from a petition for damages and injunctive relief filed by plaintiffs against the Board of Supervisors of Louisiana State University and Agriculture and Mechanical College ("Board") based on plaintiffs' expulsion from dental school. After trial, the district court granted plaintiffs' request for a permanent injunction and ordered their immediate reinstatement to the dental school. The district court found the procedure employed by *196 the Board in handling the allegations against plaintiffs "clearly violated the plaintiffs' rights to procedural and substantive due process under the State and Federal Constitutions."
The Board filed a motion for suspensive appeal pursuant to La. R.S. 13:4441. The district court denied the motion. Upon the Board's application, a majority of the court of appeal reversed and ordered the district court to grant the Board a suspensive appeal over dissents by two judges. Plaintiffs now seek review in this court.
The district court did not abuse its discretion in denying the motion for suspensive appeal filed by the Board of Supervisors. See La. Code Civ. P. art. 3612(B). The provisions of La. R.S. 13:4441 are inapplicable under the facts presented. See, e.g., Student Government Association v. Board of Supervisors , 262 La. 849, 264 So.2d 916 (1972) (explaining that the administrative powers granted to the Board of Supervisors are subject to other provisions of the constitution).
Accordingly, the writ is granted. The judgment of the court of appeal is reversed, and the judgment of the district court is reinstated.
The application for rehearing is granted for the sole purpose of amending our opinion of May 20, 2019 to delete the reference to " La. R.S. 13:4441" and replace it with " La. R.S. 13:4431." In all other respects, the application for rehearing is denied, and our opinion of May 20, 2019 is affirmed as amended.
Johnson, C.J., would deny
Clark, J., would deny.